OPINION
{¶ 1} Appellant, Martin L. Faehner, appeals the finding contained in the October 22, 2001 judgment entry of the Lake County Court of Common Pleas that appellant is a sexual predator.
{¶ 2} A Lake County Grand Jury presented a four-count indictment of appellant on May 13, 1988, as a result of appellant's sexual assault of Carol Foresh ("the victim") on May 8, 1988. The events of May 8, 1988 were recounted in appellant's sexual offender classification report prepared on October 12, 2001. Appellant and the victim were neighbors. Appellant went to the victim's house on May 8, 1988, and lured her outside. Once outside, appellant grabbed the victim from behind, placed a razor to her throat, and told her not to scream, or he would kill her. He then forced her back into her home, and threatened to kill her daughter if she did not cooperate with him. After tying the victim's hands behind her back with rope, and gagging her with a handkerchief, appellant raped her.
{¶ 3} Appellant entered a plea of guilty to attempted rape. In a September 16, 1988 judgment entry, the Lake County Court of Common Pleas sentenced appellant to an indefinite prison term of six to fifteen years.
{¶ 4} Pursuant to R.C. 2950.09, a hearing was held on October 17, 2001, to determine whether appellant was a sexual predator. At that hearing, the court found by clear and convincing evidence that appellant was a sexual predator. The court filed its judgment entry reflecting this finding on October 22, 2001. Appellant has filed a timely appeal of that judgment entry and makes the following assignment of error:
 {¶ 6} "The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence."
{¶ 7} We do not apply a de novo standard of review when reviewing a sexual predator determination. State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 WL 603061, at 2. Rather, we examine whether the trial court's determination was against the manifest weight of the evidence. Id.
{¶ 8} Appellant, in arguing that the trial court's determination that he is a sexual predator was against the manifest weight of the evidence, contends that the trial court made the following errors: it found that there were multiple victims, when, in fact, there was only a single victim; it found that appellant suffered from a mental illness; it failed to give appellant sufficient credit for attending an aftercare program for sexual offenders; and, it did not give appropriate weight to psychological evaluations that determined appellant to be at a low risk to reoffend.
{¶ 9} In making a sexual predator determination, the trial court must identify the factors under R.C. 2950.09(B)(2)(a)-(j) that support its determination. State v. Strickland (Dec. 22, 2000), 11th Dist. No. 98-L-013, 2000 WL 1876587, at 2. "These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct." State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 WL 1647224, at 5.
{¶ 10} To adjudicate a defendant as a sexual predator, the trial court need not find that a majority of these factors support such a determination; rather, the defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future. Swank, supra, citing State v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 WL 134730, at 3.
{¶ 11} Here, the trial court noted that appellant suffers from passive-aggressive personality disorder with schizoid traits and anger-management issues. The trial court also observed that appellant has difficulty with impulse control. Finally, the court referenced cruelty and threats of cruelty: he threatened the victim at knife-point, bound her hands, gagged her, and threatened to harm her daughter if the victim did not cooperate with him.
{¶ 12} Dr. John Fabian ("Dr. Fabian") testified at appellant's classification hearing. Dr. Fabian is the court psychologist for the Department of Adult Probation in the Lake County Common Pleas Court. He testified to the following: there were elements of cruelty in appellant's behavior in committing the crime; appellant has impulse control problems in that he permits his emotions to rule his behavior; appellant suffers from passive-aggressive disorder, with schizoid personality traits and anger management problems; it is unlikely that appellant will become a habitual sex offender; actuarial exams suggest that there is a 16% chance appellant will re-offend after six years; and, that in his opinion, appellant should be classified as a sexually oriented offender.
{¶ 13} In his psychological evaluation of appellant, Dr. Fabian identified appellant's passive-aggressive disorder as both a mental disability and as an additional behavioral characteristic that contributed to appellant's conduct. Appellant posits that the trial court erred in treating passive-aggressive order as a mental illness or disability because on cross-examination, Dr. Fabian testified that there is a disagreement among mental health professionals as to whether certain personality disorders, including appellant's, are also mental disorders. However, when appellant's counsel asked Dr. Fabian if he would classify passive-aggressive order as a mental illness or disability for the purposes of appellant's sexual classification hearing, Dr. Fabian replied: "I would." In view of Dr. Fabian's uncontradicted testimony that he considered passive-aggressive disorder to be a mental illness or disability, the trial court had sufficient evidence before it to conclude that appellant suffered from a mental illness or mental disability.
{¶ 14} Upon review of the record and having weighed the evidence and all reasonable inferences therefrom, we cannot conclude that in resolving conflicts in the evidence that the trial court lost its way. While Dr. Fabian was of the opinion that appellant would be at low risk to commit a sexual offense in the future, the totality of the circumstances, including the life-threatening and violent nature of appellant's conduct, the cruelty displayed by appellant and his difficulties with anger management and impulse control support the trial court's conclusion that appellant is a sexual predator.
{¶ 15} For the foregoing reasons, appellant's first assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., JUDITH A. CHRISTLEY, J., concur.